UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ANTHONY M. AGUSTA,**

    **Plaintiff,**

v.                                           Case No: 5:24-cv-430-TJC-PRL

**BANK OF AMERICA,**

    **Defendant.**

### ORDER

Plaintiff, Anthony M. Augusta, who is proceeding *pro se*, filed this action against Defendant Bank of America. (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint and cure the deficient affidavit in support of his motion.

**I.  Legal Standards**

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it "is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or … seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

Jurisdiction is a threshold issue in any pending case in United States district court. Federal courts are courts of limited jurisdiction; "[t]hey are empowered to hear only those

cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Andrews v. Sec'y, Dep't of Veterans Affs.*, 845 F. App'x 880, 883 (11th Cir. 2021) (quoting *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)). A district court can hear a case only if it has "at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017). If a court "determines at any time that it lacks subject-matter jurisdiction, [it] … must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Additionally, the Supreme Court of the United States recognizes the principle of *res judicata*—that a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n. 5 (1979). *Res judicata* bars relitigating a claim when: "(1) the prior decision was rendered in a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000). *Res judicata* applies to class actions and regular cases alike, and typically binds all members of the class. *Juris v. Inamed Corp.*, 685 F.3d 1294, 1312 (11th Cir. 2012).

## II.   Discussion

As a preliminary matter, Plaintiff's motion to proceed in forma pauperis is deficient because the affidavit in support of the motion is unsigned. (Doc. 2 at 1). Rather than denying

the motion outright, however, the undersigned will provide Plaintiff with an opportunity to cure the deficient affidavit.

Turning to the Court's review of the complaint, it appears that Plaintiff's claims arise out of his dissatisfaction regarding his attempt to claim part of the proceeds of a class action settlement involving Bank of America in *Farrell v. Bank of Am., N.A.,* 327 F.R.D. 422 (S.D. Cal. 2018), a case previously before the United States District Court for the Southern District of California, Case No.: 3:16-cv-00492-L-W. (Doc. 1).

Plaintiff's complaint consists of two short pages, the majority of which appears to be a recitation from a court-authorized notice in the class action. Plaintiff alleges that he is entitled to reimbursement of "extended overdrawn balance charges," and that he was charged an overdraft fee of $35 "many times" in 2014, 2015, and 2016. As set forth in the complaint, Plaintiff seeks "return of my monies and punitive damages in the amount of $10.000." (Doc. 1 at 2). Plaintiff contends the bank's position is that he does not qualify for reimbursement. As best can be discerned from Plaintiff's scant allegations (which are lacking in well-pled facts), Plaintiff seeks to challenge the Bank's position that he is not qualified to reimbursement of the overdraft charges.

Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim showing that the pleader is entitled to relief, as required by Rule 8. Although Plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Further, to the extent that Plaintiff is alleging Defendant violated his right to reimbursement arising out of the settlement agreement, this court is without subject matter jurisdiction to hear his claim. Settlement agreements are treated as contracts and governed by state law. *Wong v. Bailey,* 752 F.2d 619, 621 (11th Cir.1985). To hear a contract claim, the case must be within the court's diversity jurisdiction. 28 U.S.C. § 1332(a). Even if the litigants are from two different states, the amount in controversy alleged in the complaint does not exceed $75,000 as required by 28 U.S.C. § 1332(a). By Plaintiff's own admission, the amount in controversy is less than $75,000. Even if the Court assumes that Plaintiff's reference to "$10.000" is meant to be a demand for $10,000, the amount in controversy is still far from met. Plaintiff has failed to establish a basis for diversity jurisdiction.

Further and significantly, it appears that Plaintiff's complaint amounts to an inappropriate post-judgment attack on the proceedings in *Farrell*, as the complaint alleges the same injuries as those in the class-action and arises out of the same law as that in *Farrell*. (Doc. 1). A review of the public docket in *Farrell v. Bank of Am., N.A*, in the United States District Court for the Southern District of California., Case No.: 3:16-cv-00492-L-W, reveals that judgment was entered in that case on September 19, 2018, following court approval of the parties' settlement agreement. Accordingly, Plaintiff's claim appears to be barred by principles of *res judicata*. *See Juris*, 685 F.3d at 1312. If Plaintiff has a viable basis for a claim, he has failed to adequately allege it.

### I.     Conclusion

Accordingly, Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **October 18, 2024,** to file both an **amended complaint and a properly completed affidavit** in support of his motion to proceed

in forma pauperis. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on September 18, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties